UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRYSTAL LINKSWILER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 13-cv-06042 RJB<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: August 1, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt. Nos. 13, 14, 15).

After considering and reviewing the record, the Court finds that the ALJ erred by offering insufficient reasons to reject the medical opinion of examining psychologist Mary D. Looman, PhD, who concluded that plaintiff's odd and hostile behavior was her

normal, not situational, way of functioning, and that plaintiff was unable to control her responses to the environment.  Dr. Looman's opinion was significant because the vocational expert testified that an individual with the personality characteristics Dr. Looman attributed to plaintiff would not be able to sustain competitive employment.

## BACKGROUND

Plaintiff, CRYSTAL LINKSWILER, was born in 1982 and was 24 years old on the alleged date of disability onset of March 1, 2007 (*see* Tr. 191-94). She completed the eighth grade and then went to Job Corps (Tr. 46).  Plaintiff last worked for a temp service at a paper mill where "they needed somebody to watch the holes that people went in and out of to redo their furnaces" (Tr. 48).  The job lasted about two and one-half months (Tr. 48).

According to the ALJ, "since the alleged onset date of disability, March 1, 2007, the claimant has had the following severe impairments: Right mid cerebral artery stroke; adjustment disorder, not otherwise specified; cognitive disorder, not otherwise specified; borderline intellectual functioning (20 CFR 416.920(c))" (Tr. 20).

At the time of the hearing, plaintiff was living with her fiancé in a fifth-wheel trailer (Tr. 46).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 75-78, 82-88, 191-194).  Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on July 10, 2012

1  (*see* Tr. 37-74). On July 24, 2012, the ALJ issued a partially favorable decision, finding

2  plaintiff disabled beginning February 25, 2012 (*see* Tr.18-30).

3        On October 25, 2013, the Appeals Council denied plaintiff's request for review,

4  making the written decision by the ALJ the final agency decision subject to judicial

5  review (Tr. 1-6). *See* 20 C.F.R. § 416.1481. Plaintiff filed a complaint in this Court

6  seeking judicial review of the ALJ's written decision in December, 2013 (*see* Dkt. Nos.

7  1, 3). Defendant filed the sealed administrative record ("Tr.") regarding this matter on

8  February 19, 2014 (*see* Dkt.. Nos. 10, 11).

9        In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ

10 commit reversible error by accepting the opinions of Dr. Looman and then not applying

11 them to the RFC despite the VE testifying they equated to no work; (2) Did the ALJ

12 erroneously reject plaintiff's claim for disability prior to February 25, 2012, by basing his

13 opinion on an idea that "The claimant informed Dr. Rowe that she was unable to work

14 because of the lack of available jobs and because she did not have access to a vehicle, not

15 because she was disabled"?; (3) Did the ALJ make erroneous credibility findings; and (4)

16 Did the ALJ commit error by basing the RFC and hypothetical to the VE on

17 misstatements of fact (*see* Dkt. No. 13, p. 5).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to give any reason to reject the medical opinion of psychologist Mary D. Looman, PhD, who examined plaintiff in 2009 to determine plaintiff's fitness as a parent. Dkt. No. 13, pp. 7-9. Dr. Looman opined that plaintiff "presented with odd and hostile behavior. She was sarcastic belligerent and angry throughout the evaluation. This appeared to be her normal way of functioning rather than situational… she does not seem willing or able to be accountable and responsible for her behavior… She does not present with the ability to control her responses to the environment (Tr. 722)." Dr. Looman's opinion was based on plaintiff's presentation at the examination, as well as objective psychological testing (*see* Tr. 722-23). This opinion is significant because the vocational expert (VE) testified that an individual with the aforementioned personality characteristics would not be able to sustain competitive employment (*see* Tr. 73-74).

The ALJ briefly discussed Dr. Looman's findings and noted "that the determination that [plaintiff] is unfit to raise her children is different than the determination that she is unable to work. While this information is useful in determining [plaintiff's] mental abilities, it is not determinative that she is disabled or unable to work in unskilled positions" (Tr. 23). The ALJ offered no other reason to reject Dr. Looman's opinion. Although it is true that an ALJ is not bound by medical opinions on the ultimate issue of disability, Dr. Looman did not offer an opinion that plaintiff was

disabled. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Rather, Dr. Looman identified specific limitations in plaintiff's social functioning that the ALJ was required to consider (*see* Tr. 222-23). *See* 20 C.F.R. § 416.927(b). The ALJ gave no reasons for rejecting these specific limitations and did not include them in plaintiff's RFC.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if an examining psychologist's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester,* 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick,* 157 F.3d at 725 (*citing Embrey*, 849 F.2d at 421-22).

Defendant argues that any error in the ALJ's treatment of this evidence was harmless because "the ALJ relied on evidence that [p]laintiff's mental impairments were not more limiting than he found, so any error did not prejudice the outcome of the case." Dkt. No. 14, p. 2. This Court disagrees. The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th

Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores,* 49 F.3d at 571.

As discussed previously, Dr. Looman's opinion is significant because the VE testified that an individual with the personality characteristics Dr. Looman attributed to plaintiff would not be able to sustain competitive employment (*see* Tr. 73-74). Furthermore, Dr. Looman's conclusions are probative because they were based on one of the most comprehensive psychological examinations in the record (*compare* Tr. 719-23 *with* Tr. 860-63, 887-97, 920-40).  In addition to a diagnostic clinical interview, mental status examination, and record review, Dr. Looman administered multiple psychological tests including the Personality Assessment Inventory (PAI), Axis II Checklist (AXIS2), and House-Tree-Person Projective Drawing Assessment (HTP) (Tr. 719, 721-22).  For these reasons, the ALJ's rejection of Dr. Looman's opinion without explanation or reason was not harmless error.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (noting that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination'").  As such, the undersigned recommends that the ALJ's decision be reversed and this case remanded for further consideration of Dr. Looman's medical opinion.

## CONCLUSION

The ALJ erred by offering insufficient reasons to reject the medical opinion of Dr. Looman.  This error was not harmless because Dr. Looman's opinion was based on one

of the most comprehensive psychological examinations in the record, and because the VE testified that an individual with the personality characteristics Dr. Looman attributed to plaintiff would not be able to sustain competitive employment.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 1**,** 2014, as noted in the caption.

Dated this 10th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7